IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD PENNEWELL,

    Petitioner,                    No. CIV S-06-0598 DFL PAN P

    vs.

TOM CAREY, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a prisoner seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges a 2005 *en banc* decision by the Board of Prison Terms ("Board") reversing a panel's finding that petitioner is suitable for parole. Respondent moves to dismiss upon the ground that petitioner failed to exhaust available state remedies. Petitioner opposes the motion.

    On November 12, 1976, petitioner was convicted of first degree murder and attempted murder and was sentenced to seven years to life in prison. Following a hearing held on October 28, 2004, a panel of the Board found him suitable for parole. Petition, Exhibit A, G. On January 11, 2005, the entire Board, sitting *en banc*, unanimously reversed and found petitioner unsuitable for parole. Petitioner's Exhibit I. Petitioner sought, and was denied, habeas corpus relief in the Alameda County Superior Court and also in the state appellate court. Petition, Exhibit I. Petitioner then filed a petition for a writ of habeas corpus in

the California Supreme Court and it remains pending. Answer Exhibit A.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting both the operative facts and the legal theory to the highest state court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 278 (1971). General appeals to constitutional principles, such as due process, equal protection and the right to a fair trial, are insufficient to exhaust a claim. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must identify the "specific federal constitutional guarantee," *Gray*, 518 U.S. at 162-63, even if the facts make a constitutional theory "self-evident." *See Anderson v. Harless*, 459 U.S. 4, 7 (1982). An unexhausted petition must be dismissed. *Picard*, 404 U.S. at 275.

Petitioner concedes that he has not exhausted his claims and that the petition for a writ of habeas corpus now pending in the California Supreme Court contains the claims he makes in his federal petition.[1] Petitioner's Opposition at 8. He asserts, however, that the court should stay this action and hold it in abeyance until the California Supreme Court resolves the petition. The stay-abeyance procedure applies only to "mixed" petitions - those containing exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Where the petition is mixed, dismissal of the entire petition could jeopardize a petitioner's ability to obtain federal review of timely, exhausted claims. *Rhines*, 544 U.S. at 274-278. There is no such risk here because all of petitioner's claims are unexhausted.

////

////

////

---

[1] The court has compared the claims in the state and federal petitions and finds they are the same.

1   Accordingly, it is hereby RECOMMENDED that respondent's May 11, 2006, motion to
2 dismiss be granted and that this action be dismissed without prejudice.
3   These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after
5 being served with these findings and recommendations, any party may file written objections
6 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
7 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
8 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
9 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 Dated:  September 29, 2006.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3