IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD PENNEWELL,

    Petitioner,                    No. CIV S-06-0598 RRB EFB P

    vs.

THOMAS CAREY, Warden,         ORDER AND FINDINGS AND
                                                       RECOMMENDATIONS
    Respondent.

_____/

    On March 22, 2006, petitioner filed an application for leave to proceed *in forma pauperis* and a petition challenging a decision finding that he was not suitable for parole. *See* 28 U.S.C. § 2254. On April 11, 2006, the court granted petitioner leave to proceed *in forma pauperis*, served the petition on respondent, and directed the respondent to file and serve a response. On May 10, 2006, respondent moved to dismiss this action on the ground that petitioner failed to exhaust the available state remedies. *See* 28 U.S.C. § 2254(b). On June 20, 2006, petitioner opposed the motion, but in the alternative requested that this action be stayed and held in abeyance while he presented his claims to the state courts. The court found that petitioner had exhausted the available state remedies, denied the motion and ordered the respondent to file and serve an answer to the petition. Thus, on February 28, 2007, respondent filed an answer. On May 1, 2007, petitioner filed a reply. On August 2, 2007, petitioner notified the court that he

1  suffered from a terminal illness. On January 28, 2008, respondent notified the court that the
2  petitioner died of cancer on November 19, 2007. Based on petitioner's death, respondent seeks
3  an order dismissing this case on the ground that it is moot.

4  Federal courts have jurisdiction to hear cases and controversies. U.S. Const. art. III, § 2.
5  The issues must remain live throughout all stages of the proceeding. *Lewis v. Continental Bank*
6  *Corp.*, 494 U.S. 472, 477-78 (1990). An action becomes moot when the issues are no longer
7  live, i.e., when the parties lack a legally cognizable interest in the outcome. *Powell v.*
8  *McCormack*, 395 U.S. 486, 496 (1969). It is the nature of these proceedings that the relief
9  sought, i.e., immediate release from custody or a new parole suitability hearing,[1] is unique to the
10 petitioner himself and cannot be transferred. In other words, the claims were extinguished upon
11 petitioner's death and no party can be substituted for him. *See* Fed. R. Civ. P. 25(a). Therefore,
12 "petitioner's death renders this case moot" and "the petition for a writ of habeas corpus should
13 be dismissed." *Garceau v. Woodford*, 399 F.3d 1101, 1101 (9th Cir. 2005).

14 The court notes that three motions remain outstanding in this action. These are
15 petitioner's March 28, 2007, motion for leave to conduct discovery and August 2, 2007, motion
16 for appointment of counsel, and respondent's May 31, 2007, motion to strike. These motions
17 must be denied as moot.

18 Accordingly, it hereby is ORDERED that:
19 1. Petitioner's March 28, 2007, motion for leave to conduct discovery is denied;
20 2. Respondent's May 31, 2007, motion to strike is denied; and
21 3. Petitioner's August 2, 2007, motion for appointment of counsel is denied
22 ////
23 ////
24 ////

---

[1] *See McQuillion v. Duncan*, 342 F.3d 1012, 1015 (9th Cir. 2003) (discussing relief available on habeas challenge to the recision of a parole date).

1   Further, it is RECOMMENDED that this action be dismissed on the ground that it is
2  moot.
3   These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10  Dated: February 28, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE